# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **ROBERT McKINLEY BLANKENSHIP,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:23CV00183 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **HAROLD CLARK, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |
| | ) | |

*Robert McKinley Blankenship, Pro Se Plaintiff.*

The plaintiff, a Virginia incarcerated person, filed this civil rights action under 42 U.S.C. § 1983. Blankenship alleges that officials of the Virginia Department of Corrections (VDOC) have deprived him of constitutional rights by prohibiting his possession of his book manuscript and legal documents. The defendants have yet to be served. Presently before me is Blankenship's separate motion asking me to order these officials to preserve and return his confiscated materials. I construe this motion as one seeking interlocutory injunctive relief that must be denied.

Blankenship alleges that VDOC administrative decisions prohibit prisoners (including him) from possessing a copy of the book he has written titled, "*Indecent Liberties*." Am. Compl. 1, ECF No. 12-1. On May 9, 2023, unknown mailroom staff seized eight manilla envelopes addressed to Blankenship, categorizing them as

an unapproved publication. Blankenship alleges that these envelopes contained his "handwritten book and manuscript" and some "legal documents." *Id.* at 4. Later, officials informed him that the VDOC Publications Review Committee had banned his book, claiming that it contains "depictions and photos of nude children," which Blankenship denies. *Id.* at 4–5. As relief in this lawsuit, Blankenship asks the court to order the defendants to remove his book from the list of books banned for VDOC prisoners.

In the separate motion for interlocutory relief, Blankenship asks the court to order the immediate return of his confiscated materials. In the alternative, he asks for an order for preservation of the materials.

A party seeking interlocutory injunctive relief must state facts clearly showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Each of these four factors must be satisfied. *Id.* "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with" the fact that injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.

Blankenship has not stated facts showing that he is entitled to such relief in this case. I find no evidence suggesting that he is currently in imminent danger of

suffering any irreparable harm in the absence of court intervention. He does not allege facts suggesting that the confiscated materials are likely to be destroyed or that he will be harmed in any way, merely because officials will not allow him to possess the materials while in prison. Indeed, it appears from his allegations that the materials could be replaced and that he could seek monetary compensation in the unlikely event of their loss.

In short, Blankenship has not stated facts meeting the required factors under *Winter* to warrant the extraordinary form of immediate injunctive relief he seeks. He may utilize the VDOC grievance procedure to request preservation of his materials. And as part of his litigation of the claims in the Amended Complaint, concerning the banning of his book and the confiscation of his materials, he may seek permanent injunctive relief to remove the ban and possess the materials. I find no grounds for ordering any immediate injunctive relief on that issue at this early stage of the case before the defendants are served and have had an opportunity to respond to the claims.

For the stated reasons, it is **ORDERED** that the motion seeking interlocutory injunctive relief, ECF No. 7, is DENIED.

ENTER: June 20, 2023

/s/ JAMES P. JONES
Senior United States District Judge