IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

ROBERT MCKINLEY BLANKENSHIP,

    Plaintiff,

v.                               CASE NO.  7:23cv183

HAROLD CLARK, *et al*.,

    Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES

    COMES NOW Defendant Clarke, by counsel, and answers the complaint as follows:

    1.    Plaintiff Robert Blankenship is an inmate incarcerated within the Virginia Department of Corrections (VDOC), and housed at Keen Mountain Correctional Center (KMCC), a VDOC facility.

    2.    Blankenship is serving a 32-year sentence on underlying convictions consisting of attempted rape, indecent liberties, abduction with the intent to defile, assault and battery, and contributing to the delinquency of a minor.

    3.    Defendant Clarke is the Director of VDOC.

    4.    In March 2023, Blankenship was notified that his publication titled "Indecent Liberties:  A True Crime Modern Day Witch Hunt" had been confiscated and would be forwarded to the Publication Review Committee at KMCC for review.

    5.    The committee met on April 24, 2023, and the publication was disapproved for offender possession.

6.      Under VDOC OP 803.2, *Incoming Publications*, inmates may appeal the decision of the Publication Review Committee by submitting a grievance within 7 days of the receipt of the Notification of Publication Review Committee Disapproval.

7.      On June 14, 2023, Blankenship filed a written complaint stating that he had previously filed a grievance regarding his confiscated publication, but had received no reply. By response dated June 20, 2023, the Grievance Coordinator informed Blankenship that there was no record of any grievances having been received and filed regarding this publication.

8.      On June 23, 2023, Blankenship filed a regular grievance contesting the disapproval of his publication. The grievance was deemed unfounded.

9.      Blankenship did not appeal this Level I grievance determination to Level II and, therefore, did not fully exhaust his available administrative remedies.

10.     Defendant denies having violated Blankenship's constitutional rights.

11.     Defendant denies every allegation not expressly admitted herein.

## **AFFIRMATIVE DEFENSES**

Defendant states the following affirmative defenses to the complaint, reserving the right to raise any such other defenses that may arise from Plaintiff's prosecution of this action.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant denies that the claims in the Complaint are cognizable under the Eighth Amendment or any section or clause of the United States Constitution or any other federal law or regulation.

THIRD DEFENSE

Defendant denies that jurisdiction on the Complaint is conferred upon the Court by either 42 U.S.C. § 1983 or the previously cited amendments to the United States Constitution. Further, Defendant specifically denies that the Court has jurisdiction over any claim which might be construed to state a claim under state law.

FOURTH DEFENSE

Defendant denies that Plaintiff has suffered any injury or damage as a result of action or omission upon the part of any of the Defendant.

FIFTH DEFENSE

Defendant alleges and avers that, to the extent that the Plaintiff has suffered any injuries or damages, such injuries or damages were caused by others not under the control of this Defendant, and for whose conduct he is in no way responsible.

SIXTH DEFENSE

Defendant denies that the Plaintiff has suffered the injuries and damages alleged and calls for strict proof thereof.

SEVENTH DEFENSE

As to any claims brought against Defendant in his official capacity, Defendant is immune from suit based upon the Eleventh Amendment and upon the discharge of his official duties.

EIGHTH DEFENSE

Defendant denies that they are indebted to or liable to Plaintiff in any sum whatsoever.

NINTH DEFENSE

As to any claims against them in their individual capacities, Defendant is entitled to good faith and/or qualified immunity.

## TENTH DEFENSE

To the extent that this claim alleges negligence on the part of the Defendant, the claim is barred in this Court by the Eleventh Amendment.

## ELEVENTH DEFENSE

The Plaintiffs' claim for monetary damages is barred by 42 U.S.C. § 1997e(e).

## TWELFTH DEFENSE

To the extent that Plaintiffs have failed to allege any direct involvement on the part of any of the Defendants in any of the acts or omissions complained of, such claims must fail because *respondeat superior* is not available in an action under 42 U.S.C. § 1983.

## THIRTEENTH DEFENSE

Because the Plaintiff has not exhausted his available administrative remedies, his action is barred by 42 U.S.C. § 1997e(a).

Respectfully submitted,

HAROLD CLARKE, Defendant.

By:   s/ Margaret Hoehl O'Shea
Margaret Hoehl O'Shea, SAAG, VSB #66611
Attorney for named Defendants
Criminal Justice & Public Safety Division
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
(804) 225-2206
(804) 786-4239 (Fax)
Email: moshea@oag.state.va.us

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of August, 2023, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all filing users, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

Robert Mckinley Blankenship #1484429
VDOC Centralized Mail Dist. Ctr.
3521 Woods Way
State Farm, Virginia 23160

            By: s/ Margaret Hoehl O'Shea
              Margaret Hoehl O'Shea, SAAG, VSB #66611
              Attorney for named Defendants
              Criminal Justice & Public Safety Division
              Office of the Attorney General
              202 North 9th Street
              Richmond, Virginia 23219
              (804) 225-2206
              (804) 786-4239 (Fax)
              Email: moshea@oag.state.va.us