## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **ROBERT MCKINLEY BLANKENSHIP,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:23CV00183 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **HAROLD CLARK, ET AL,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |
| | ) | |

*Robert McKinley Blankenship, Pro Se Plaintiff; Margaret H. O'Shea, Assistant Attorney General, CRIMINAL JUSTICE & PUBLIC SAFETY DIVISION, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Defendants.*

The plaintiff, Robert McKinley Blankenship, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, complaining that prison officials have banned him from possessing a book that he authored or its manuscript.  The Virginia Department of Corrections (VDOC) has filed a Motion to Dismiss, to which Wilson has responded.  After review of the record, I conclude that VDOC's Motion to Dismiss must be granted.

Blankenship alleges that in May 2023, prison officials confiscated a book he had authored, titled *Indecent Liberties*.  He also later learned that the VDOC Publication Review Committee (PRC) had banned his book for VDOC inmates. Blankenship also complains that prison officials confiscated eight manilla envelopes

addressed to him from a publishing company, containing his handwritten book and manuscript.  Blankenship filed this lawsuit that he later amended, suing VDOC and Director Harold Clark, seeking monetary damages and injunctive relief to remove the book from the VDOC ban list.  Clark, properly spelled Clarke, has filed an Answer, while VDOC has moved to dismiss.  Blankenship has responded to the motion, making it ripe for consideration.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim, but "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).  In considering a Rule 12(b)(6) motion, a court must accept all *factual* allegations in the complaint as true.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  To survive a motion to dismiss, a complaint must contain "only enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the

alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).  Because the VDOC is properly considered an arm of the Commonwealth of Virginia, this entity is not a person that can be sued under § 1983.  Thus, Blankenship's § 1983 claims cannot proceed against this defendant, and I will grant the Motion to Dismiss.

For the reason stated, it is hereby **ORDERED** as follows:

1.  The Motion to Dismiss, ECF No. 25, is GRANTED, and the Clerk will terminate VDOC as a party to this action;

2.  Blankenship's self-titled "Addendum" is CONSTRUED AND GRANTED as a Motion to Amend to name the following individuals as defendants to his § 1983 claims:  W. Brown, P. Rice, and T. Fowlkes, who are members of the VDOC Publication Review Committee; and

3.  The Clerk shall add defendants Brown, Rice, and Fowlkes and cause them to be notified of this action, pursuant to Rule 4 of the Federal Rules of Civil Procedure and the Agreement on Acceptance of Service.  Service documents shall include Docket Item Nos. 12 and 34, and a copy of this Order.

ENTER:   October 6, 2023

/s/  JAMES P. JONES
Senior United States District Judge