CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

August 12, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ROBERT MCKINLEY BLANKENSHIP,** | ) |
| Plaintiff, | ) Case No. 7:23CV00183 |
| v. | ) **OPINION AND ORDER** |
| **HAROLD CLARKE, ET AL.,** | ) JUDGE JAMES P. JONES |
| Defendants. | ) |

*Robert McKinley Blankenship, Pro Se Plaintiff; Margaret H. O'Shea, Assistant Attorney General,* CRIMINAL JUSTICE & PUBLIC SAFETY DIVISION, OFFICE OF THE ATTORNEY GENERAL, *Richmond, Virginia, for Defendants.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that correctional officers banned a book he wrote and confiscated incoming packages containing the manuscript of that book. The defendants move for summary judgment on the ground that Blankenship failed to exhaust available administrative remedies before filing this lawsuit, as required under 42 U.S.C. § 1997e(a). After review of the record, I conclude that the defendant's Motion for Summary Judgment must be denied.

## I. BACKGROUND.

All relevant events occurred at Keen Mountain Correctional Center (KMCC), a prison facility operated by the Virginia Department of Corrections (VDOC) where Blankenship is currently confined. Blankenship has authored a book originally titled

*Indecent Liberties: A True Crime Modern Day Witch Hunt*, published by Cadmus Publishing in 2023. On May 12, 2023, Blankenship received notice that on May 9, 2023, KMCC staff had confiscated his book and eight manilla envelopes containing his handwritten manuscript for the book. The manuscript envelopes also allegedly contained copies of legal documents from Blankenship's criminal case. The officers confiscated these items because the VDOC Publications Review Committee (PRC) in its April 2023 meeting had disapproved Blankenship's book for possession by any inmate in VDOC prison facilities.

The defendants[1] have filed a Motion for Summary Judgment, arguing that Blankenship failed to exhaust available administrative remedies before filing his § 1983 claims. Blankenship has responded, making the motion ripe for consideration.

## II. DISCUSSION.

The Federal Rules of Civil Procedure provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

---

[1] Blankenship initially sued only the VDOC and its then-director, Harold Clarke. By Opinion and Order entered October 6, 2023, ECF No. 35, I granted the VDOC's Motion to Dismiss, but construed one of Blankenship's responses as an amendment naming three additional defendants who are members of the PRC: W. Brown, P. Rice, and T. Fowlkes. All four of the remaining defendants have joined in the pending summary judgment motion.

P. 56(a).  In considering a motion for summary judgment, the court must view the facts and justifiable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 312 (4th Cir. 2013).  To withstand a summary judgment motion, the nonmoving party must produce sufficient evidence from which a reasonable jury could return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Under 42 U.S.C. § 1997e(a), a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies.  This exhaustion requirement is "mandatory," *Ross v. Blake*, 578 U.S. 632, 638 (2016), and "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  To comply with § 1997e(a), an inmate must follow each step of the established grievance procedure that the prison facility provides to its inmates and meet all deadlines within that procedure.  *Woodford v. Ngo*, 548 U.S. 81, 90–94 (2006).  While inmates must exhaust all available administrative remedies, they "need not exhaust unavailable ones." *Ross*, 578 U.S. at 642.

Operating Procedure (OP) 866.1 is the written administrative remedies procedure that VDOC inmates must follow to comply with § 1997e(a). Mem. Supp. Mot. Summ. J. Ex. 1, Harrison Aff. Enclosure A, ECF No. 48-1.  Ordinarily, this procedure requires an informal resolution stage (by filing an Informal or Written Complaint), then a Regular Grievance (Level I), and then one or two appeals (Levels

II and III). Thus, for full exhaustion, the inmate must submit his claim via a Written Complaint, then in a Regular Grievance, and then through all available levels of appeal in OP 866.1.

Grievance records at KMCC indicate that Blankenship filed a Written Complaint, Log No. KMCC-23-INF-01104, on June 14, 2023. This submission complained that he had previously filed a grievance about the banning of his book and had not yet received a response. On June 20, 2023, an officer responded that the prison had no record of receiving Blankenship's prior grievance about his book. On June 23, 2023, Blankenship filed a Regular Grievance, Log No. KMCC-23-REG-00090, contesting the disapproval of his book, *Indecent Liberties*. Operations Manager Harrison responded on July 3, 2023, advising him that the PRC had disapproved his book in April 2023, because it contained "solicitations for or promotes activities that are in violation of state/federal law including the abuse or exploitation of children or contains depictions of children in the context of sexual activity." Harrison Aff. ¶ 14 (italics removed). Based on this content in Blankenship's book, the PRC placed it on the "Disapproved Publication List" for possession in VDOC facilities. *Id.* The response to Blankenship's Regular Grievance cited Operating Procedure (OP) 803.2 that provides, "Publications on the *Disapproved Publication List* are *not* subject to appeal through the Inmate Grievance Procedure." *Id.* at Enclosure F, ECF No. 48-1. On the contrary, OP 803.2(VII)(A)

states: "Inmates may appeal the decision of the PRC to disapprove a publication through the *Offender Grievance Procedure* within seven days of the date of receipt of the *Notification of Publication Review Committee Disapproval*." *Id.* at Enclosure D, at 9, ECF No. 48-1.

The defendants claim that Blankenship did not appeal the denial of his Regular Grievance about the banning of his book, and on that basis, they contend that he failed to comply with the exhaustion requirement in § 1997e(a). I conclude that disputed facts remain at issue regarding exhaustion. An inmate need not exhaust an administrative remedy, such as a grievance appeal, that is not available to him, *Ross*, 578 U.S. at 642. The Regular Grievance response to Blankenship informed him that he had no ability under the applicable VDOC procedures to file a grievance appeal about the PRC's banning of his book and his manuscript. Moreover, the defendants have not responded to Blankenship's claim that confiscation of envelopes containing his manuscript also deprived him of legal documents related to his own criminal case. In addition, Blankenship (in subsequent submissions improperly labeled as addendums rather than motions seeking to amend or supplement his Complaint or as affidavits in response to the defendants' motion), alleges that he *did* appeal the denial of his Regular Grievance, although the response was delayed by several months. He alleges that he has received a Level III response about the banning of

his book.[2] Given these various factual discrepancies, I cannot find that any party is entitled to summary judgment as a matter of law on the issue of exhaustion.

### III. CONCLUSION.

For the stated reasons, it is **ORDERED** that the defendant's Motion for Summary Judgment, ECF No. 47, arguing for dismissal because Blankenship failed to exhaust administrative remedies, is DENIED, and the case is hereby REFERRED to the Honorable Pamela Meade Sargent, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A), for further fact finding on the issue of exhaustion and preparation of a Report and Recommendation on that issue and/or mediation of the claims at issue, should the parties so agree.

ENTER: August 12, 2024

/s/ JAMES P. JONES
Senior United States District Judge

---

[2] Blankenship's notarized addendums, attempting to add facts or arguments to his Complaint or responses, are contrary to the Federal Rules of Civil Procedure, which require a Motion to Amend or more often, an Amended Complaint, when a party seeks to add to his pleading. As Blankenship is well aware from prior proceedings in this case, an Amended Complaint takes the place of the previous Complaint. Blankenship is advised that the court will not consider further addendums that do not comply with the applicable federal rules and attempt to add facts or arguments in a piece-meal fashion.