CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
February 03, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ROBERT MCKINLEY BLANKENSHIP,** | |
| Plaintiff, | Case No. 7:23CV00183 |
| v. | **OPINION AND ORDER** |
| **HAROLD CLARKE, ET AL.,** | JUDGE JAMES P. JONES |
| Defendants. | |

*Robert McKinley Blankenship, Pro Se Plaintiff*; Margaret H. O'Shea, Assistant Attorney General, CRIMINAL JUSTICE & PUBLIC SAFETY DIVISION, OFFICE OF ATTORNEY GENERAL, Richmond, Virginia, *for Defendants*.

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that correctional officers banned a book he wrote and confiscated incoming packages containing the manuscript of that book and other documents. The defendants moved for summary judgment based on evidence that Blankenship had not exhausted his available administrative remedies. I found material disputes of fact and denied that motion. *Blankenship v. Clarke*, No. 7:23CV00183, 2024 WL 3760002 (W.D. Va. Aug. 12, 2024). The case is now before me on cross motions for summary judgment. Blankenship's motion argues that the defendants submitted a fraudulent affidavit in support of their prior motion. The defendants' motion concedes that Blankenship did exhaust his available administrative remedies but that he failed to do so before filing this lawsuit, as

required under 42 U.S.C. § 1997e(a). After review of the record, I conclude that Blankenship's motion must be denied, and the defendants' motion must be granted.

## I. BACKGROUND.

All relevant events occurred at Keen Mountain Correctional Center (KMCC), a prison facility operated by the Virginia Department of Corrections (VDOC) where Blankenship is currently confined. Blankenship has authored a book originally titled *Indecent Liberties: A True Crime Modern Day Witch Hunt*,[1] published by Cadmus Publishing in 2023.[2] On March 24, 2023, prison officials denied Blankenship possession of his book. Compl. Aff. 1, ECF No. 1-1. They forwarded the book to the VDOC Publications Review Committee (PRC) for consideration. Mem. Supp. Mot. Summ. J. Ex. 1, Harrison Aff. ¶ 10, ECF No. 48-1. Blankenship was notified of this action. *Id.* Enclosure B. The PRC voted to disapprove Blankenship's book for possession by any inmate in a VDOC prison facility and notified Blankenship. *Id.* Enclosure C.

On March 29, 2023, before the PRC decision, Blankenship filed this lawsuit. The Court later ordered him to file an Amended Complaint to make a complete statement of his claims and what each of the defendants did to violate his

---

[1] Blankenship advises that his book now has a different title: *Actual Innocence: A True Story of American Injustice*. Resp. 2, ECF No. 50.

[2] This firm publishes books by prison inmates. https://www.buycadmusbooks.com/pages/resources-for-people-in-prison (last visited Jan. 31, 2025).

constitutional rights. He filed an Amended Complaint signed and dated on June 9, 2023, which he later further amended to add three members of the PRC as defendants.

In the Amended Complaint, Blankenship states that on May 9, 2023, prison officials confiscated eight manila envelopes from his incoming mail that contained his handwritten manuscript and related legal documents. Am. Compl. Attach. 3, ECF No. 12-1. He agrees that staff delivered the envelopes to him a few days later.

Defendants argued in their initial summary judgment motion that Blankenship had failed to complete all available appeals when utilizing the VDOC grievance procedure. Specifically, in support of the motion, they offered an affidavit from the KMCC Operations Manager, J. Harrison, stating that Blankenship had not appealed the Level I grievance response regarding the PRC's decision about his book. In answer to the defendants' motion, Blankenship contended that he had received a Level III grievance appeal response (the highest available level of review) regarding the PRC's decision. I denied the defendants' summary judgment motion under 42 U.S.C. § 1997e(a), finding material disputes of fact as to exhaustion, and referred the case to United States Magistrate Judge Pamela Meade Sargent for an evidentiary hearing on the exhaustion issue. Thereafter, Blankenship filed a summary judgment motion, arguing that the defendants had committed fraud against the court by filing an affidavit that claimed he had not appealed his grievance. The defendants then

filed a response in opposition to Blankenship's motion and a renewed summary judgment motion on the ground that although Blankenship had exhausted administrative remedies as to the disapproval of his book, he did so only after filing his lawsuit, citing 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner . . . until such administrative remedies as are available are exhausted."). Blankenship has responded to the defendant's motion, making these matters ripe for consideration.

## II. DISCUSSION.

### A. The Summary Judgment Standard.

The Federal Rules of Civil Procedure provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court must view the facts and justifiable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 312 (4th Cir. 2013). To withstand a summary judgment motion, the nonmoving party must produce sufficient evidence from which a reasonable jury could return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Blankenship has presented his claims in this case under the First and Fourteenth Amendments and § 1983, a statute that permits an aggrieved party to file

a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). "[C]ourts are obligated to liberally construe pro se complaints, however inartfully pleaded.*"* *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 540 (4th Cir. 2017).[3] A pro se litigant's verified complaint or other verified submissions must be considered as affidavits and may defeat a motion for summary judgment "when the allegations contained therein are based on personal knowledge." *Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021).

B. Exhaustion of Administrative Remedies.

Under 42 U.S.C. § 1997e(a), a prisoner cannot bring a civil action in federal court concerning prison conditions until he has first exhausted available administrative remedies. This exhaustion requirement is "mandatory," *Ross v. Blake*, 578 U.S. 632, 638 (2016), and "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To comply with § 1997e(a), an inmate must follow each step of the established grievance procedure that the prison facility provides to its inmates and meet all deadlines within that procedure. *Woodford v. Ngo*, 548 U.S. 81, 90–94 (2006). While inmates must exhaust all available

---

[3] I have omitted internal quotation marks, alterations, or citations here and throughout this Opinion unless otherwise noted.

-5-

administrative remedies, they "need not exhaust unavailable ones." *Ross*, 578 U.S. at 642.

Operating Procedure (OP) 866.1 is the written administrative remedies procedure that VDOC inmates must follow to comply with § 1997e(a). Harrison Aff. Enclosure A, ECF No. 48-1. Ordinarily, this procedure requires an informal resolution stage (by filing an Informal or Written Complaint), then a Regular Grievance (Level I), and then one or two appeals (Levels II and III). Thus, for full exhaustion, the inmate must submit his claim to appropriate VDOC staff via a Written Complaint, then in a Regular Grievance, and then through all available levels of appeal in OP 866.1.

OP 803.2(VII)(A) states: "Inmates may appeal the decision of the PRC to disapprove a publication through the *Offender Grievance Procedure* within seven days of the date of receipt of the *Notification of Publication Review Committee Disapproval*." *Id.* Enclosure D. OP 803.2(VII)(C) states: "Publications on the *Disapproved Publications List* are not subject to appeal through the *Offender Grievance Procedure* and staff should not send the publication to the PRC. The inmate must dispose of this property in accordance with Operating Procedure 802.1, *Offender Property*." *Id.* OP 803.2 lists criteria under which the PRC determines that a publication should be disapproved for VDOC inmates to possess. Specifically, OP 803.2(VIII)(B) mandates disapproval of any publication that "contains

solicitations for or promotes activities that are in violation of state or federal law including the abuse or sexual exploitation of children or contains nude depictions of children in the context of sexual activity." *Id.*

### C. Blankenship and Administrative Remedies.

Grievance records at KMCC show that Blankenship filed a Written Complaint, Log No. KMCC-23-INF-01104, on June 14, 2023. This submission complained that thirty days earlier, he had filed a grievance about the banning of his book and had not yet received a response. On June 20, 2023, an officer responded that the prison had "no record of any grievances regarding [his] book." *Id.* Enclosure E. On June 23, 2023, Blankenship filed a Regular Grievance, Log No. KMCC-23-REG-00090, contesting the disapproval of his book. Operations Manager Harrison responded on July 3, 2023, advising him that the PRC had disapproved the book in April of 2023, because it contained "*solicitations for or promotes activities that are in violation of state/federal law including the abuse or exploitation of children or contains depictions of children in the context of sexual activity.*" *Id.* Enclosure F. Based on this content in Blankenship's book, the PRC placed it on the "Disapproved Publication List" for possession in VDOC facilities. *Id.* The reviewer ruled the grievance to be unfounded.

In the defendants' initial summary judgment motion, they asserted that Blankenship did not appeal the denial of his grievance about the banning of his book,

and on that basis, they contended that he failed to comply with the exhaustion requirement in § 1997e(a).  They now concede that Blankenship did appeal and, thus, did exhaust his administrative remedies as to the disapproval of his book for possession by VDOC inmates.  Harrison explains in a supplemental affidavit that the prior assessment of Blankenship's exhaustion efforts was based on materials received from KMCC in August 2023, when the inmate had only received his Level I grievance response dated July 3, 2023.  Resp. Opp'n Mot. Summ. J. Ex. B, Harrison Suppl. Aff. ¶ 3-4, ECF No. 57-2.  When Harrison signed his January 2024 affidavit, given the passage of time, neither Harrison nor counsel for the defendants had sought information about any grievance appeals returned after August 2023.

Now in the record is a copy of a grievance appeal, Level III response, dated December 21, 2023, stating that Blankenship has exhausted his administrative remedies, but "may not possess the publication."  *Id.* Enclosure A.  In pertinent part, the Level III response stated:

> In accordance with OP 803.2, Section VIII. (Specific Criteria for Publication Disapproval), "The [Warden] should disapprove a publication for receipt and possession by inmates if the publication can be reasonably documented to violate any of the following criteria: B. Material that contains solicitations for or promotes activities that are in violation of state or federal law including the abuse or sexual exploitation of children or contains nude depictions of children in the context of sexual activity."
>
> According to a Property Disposition Form signed by you on October 30, 2023, you authorized the facility to destroy your

publication.[4]  As a result, I was unable to review the publication. However, based on your own admission in your appeal, you stated the publication was based on a police report which included detailed information about alleged indecent liberties taken against a minor who was named. Additionally, pages from the publication, provided by the Publication Review Committee, included a Criminal Complaint document describing alleged indecent liberties taken against a minor who was named.

Furthermore, the Publication Review Committee only reviews books sent to them by the facility. Therefore, not all books at the facility are reviewed by the PRC for compliance with the *Specific Criteria for Publication Disapproval*.

As a result, and after further review of the above referenced publication and the documentation included in your grievance filing, I determine your grievance unfounded and you may not possess the publication.

*Id.*

As stated, in the defendants' current summary judgment motion, they concede that Blankenship did pursue the administrative remedies procedure to the top available level of review, thus satisfying the exhaustion requirement. However, they assert that he did so only after he had filed this lawsuit, in violation of § 1997e(a). I agree.

It is well established that "state prisoners must exhaust administrative processes *prior* to instituting a § 1983 suit." *Porter*, 534 U.S. at 524 (emphasis added). Because Blankenship failed to exhaust administrative remedies before filing

---

[4] A copy of this form appears in the record. *Id.* Enclosure B.

his § 1983 action, he has failed to comply with § 1997e(a), and his claims concerning the confiscation and disapproval of his book for possession by VDOC inmates are properly dismissed on that basis. *Germain v. Shearin*, 653 F. App'x 231, 234 (4th Cir. 2016) (unpublished). "A central purpose of the . . . exhaustion requirement is to allow a prison to address complaints about the program it administers before being subjected to suit." *Hardin v. Hunt*, No. 21-7195, 2023 WL 3969989, at *2 (4th Cir. June 13, 2023) (unpublished). "[N]oncompliance with the . . . exhaustion requirement cannot be cured by amendment under Rule 15. *Id.* at *3 (citing other circuit court decisions). "The only cure for failure to exhaust" is for the plaintiff to file "a new action once exhaustion is complete." *Id.*

The record reflects that Blankenship's initial Complaint in this case was filed on March 25, 2023, alleging that officials had confiscated his book for review by the PRC.[5] He asserted his current claims in an Amended Complaint that was filed on June 9, 2023.[6] Nevertheless, the record clearly shows that at the time Blankenship brought this civil action, he had not exhausted administrative remedies regarding his claims concerning the confiscation of his book for PRC review, the PRC decision to disapprove the book for possession by VDOC inmates on May 9, 2023, or the

---

[5] This date is when Blankenship signed the document, which I will assume for these purposes is when he mailed it to the Court. The document was docketed on March 29, 2023. ECF No. 1.

[6] The Amended Complaint was actually docketed on June 15, 2023. ECF No. 12.

-10-

temporary confiscation of his manuscript and legal documents on May 9, 2023. Indeed, the record reflects that Blankenship's grievance documents concerning these matters were filed months *after* he submitted his initial Complaint to the Court in March 2023. Moreover, the Court's initial Order in the case, ECF No. 3, advised Blankenship of the statutory requirement to exhaust administrative remedies before filing a lawsuit, warned him that the Court could dismiss the entire action as unexhausted even after he consented to pay the filing costs, and suggested refiling his claims "in a new and separate civil action, once administrative remedies [had] been exhausted." Instead, Blankenship chose to proceed with the lawsuit, even though the determination by the PRC had not taken place. Finding no material dispute of fact to the contrary, I conclude that the defendants are entitled to summary judgment as a matter of law as to Blankenship's challenge to the confiscation of his book and the PRC decision to disapprove it for possession by VDOC inmates. Therefore, I will grant the defendants' Renewed Motion for Summary Judgment as to these claims. Because the record does not reflect that Blankenship could now complete the exhaustion process, I will dismiss these claims with prejudice.

I will also summarily dismiss Blankenship's claim concerning the alleged wrongful but temporary confiscation of his legal mail on May 9, 2023, pursuant to

28 U.S.C. § 1915A(b)(1).[7] Blankenship added this claim to his lawsuit months after he initially filed that lawsuit. Simply given the timing of his submission of the Complaint and the date of the events underlying the claim added in his Amended Complaint, it is clear he failed to comply with the exhaustion requirement in § 1997e(a). If an inmate's failure to exhaust is apparent on the face of his pleadings, a court may dismiss the claims without prejudice. *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017).

### D. Blankenship's Summary Judgment Motion.

Blankenship asserts that he is entitled to summary judgment on the merits of his claims because the defendants relied on false information — an affidavit by KMCC Operations Manager Harrison, who had reviewed Blankenship's grievance records at that facility. Harrison stated that on June 23, 2023, Blankenship filed a Regular Grievance (Log No. KMCC-23-REG-00090), contesting that the PRC had wrongly disapproved his book because it did not contain photos of children. On July 3, 2023, Harrison issued a Level I response to that grievance, stating that the PRC disapproved his book not for photos of naked children, but because it contains "*solicitations for or promotes activities that are in violation of state/federal law including the abuse or exploitation of children or contains depictions of children in*

---

[7] Under § 1915A(b)(1), the Court shall summarily dismiss a complaint in a civil action where a prisoner sues a governmental employee if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted."

*the context of sexual activity.*" Harrison Aff. Enclosure F, ECF No. 48-1. Harrison ruled the grievance to be unfounded and stated in the affidavit that Blankenship failed to file an appeal from the Level I response.

The record now includes a copy of the Level III appeal response to Blankenship's grievance, dated December 21, 2023, and the defendants now concede that Blankenship did pursue that appeal, thus exhausting available administrative remedies. Harrison explains in a supplemental affidavit that the January 2024 affidavit was based on materials requested from KMCC in August 2023. Those records did not include any evidence that Blankenship had pursued a Level III appeal regarding disapproval of his book. Given the passage of time since Blankenship's Level I grievance response in early July 2023, Harrison and counsel for the defendants believed that no further grievance appeal response would have been filed in the interim and did not recheck Blankenship's grievance history before preparing and submitting the affidavit in January 2024. Harrison states that when preparing the January 2024 affidavit, neither Harrison nor counsel was not aware of the December 2023 Level III response.

Blankenship characterizes submission of the inaccurate affidavit as a fraud on the court. He demands sanctions, namely, judgment in his favor and injunctive relief directing prison officials to remove his book from the disapproved list.

Submitting an inaccurate affidavit in support of a summary judgment motion is a serious matter under the Federal Rules of Civil Procedure. Rule 56(h) states:

> If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court -- after notice and a reasonable time to respond -- may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

Fed. R. Civ. P. 56(h). However, "[a]warding sanctions under Rule 56(h) is rare, and the conduct involved generally must be egregious." *Allen v. Waldron*, No. 7:21-CV-00214, 2023 WL 4980210, at *5 (W.D. Va. Aug. 3, 2023). For example, "courts have found bad faith where affidavits contained perjurious or blatantly false allegations or omitted facts concerning issues central to the resolution of the case." *Id.* Moreover, sanctions against an "opposing party should be proportionate to the burden imposed on that party in having to respond to and defend against the bad faith submission." *Satterfield v. City of Chesapeake,* No. 2:16-CV-665, 2019 WL 5280969, at *9 (E.D. Va. Jan. 16, 2019).

Blankenship offers no evidence to support his claim of bad faith or intent on the part of the defendants to misrepresent his exhaustion efforts. Rather, the evidence before the Court indicates nothing more than defense counsel's decision not to investigate grievance records further in January 2024, since so much time had passed after the Level I grievance response and records from six months before did not indicate that Blankenship had pursued an appeal. Arguably, counsel should have

-14-

been more diligent and recontacted KMCC grievance officials when filing a summary judgment motion on the ground of exhaustion.  At the most, counsel's lack of further investigation was negligent, and Blankenship presents no evidence to the contrary.  I also find no evidence of purposeful deception, particularly since the defendants have now conceded that exhaustion is complete and have provided a copy of the Level III response.  Moreover, Blankenship had no trouble disputing Harrison's initial affidavit by stating that he had received a Level III grievance appeal response, which caused the court to deny summary judgment on exhaustion grounds.  He has not shown that he suffered any significant burden defending against the challenged affidavit.  Therefore, I cannot find any ground on which he is entitled to the severe sanction of summary judgment on the merits of his claims or any other sanctions, based on one inadvertent inaccuracy in Harrison's first affidavit.

Furthermore, Blankenship's entire set of claims is procedurally barred, based on his failure to comply with 42 U.S.C. § 1997e(a).  He submitted his § 1983 Complaint before utilizing all levels of the VDOC grievance procedure as required by law.  Moreover, he later added claims to the lawsuit based on events that had not occurred at the time he filed the lawsuit, thus blatantly ignoring the exhaustion requirements in 42 U.S.C. § 1997e(a).  For the reasons stated, I must deny his summary judgment motion.  And because the entire lawsuit was filed in violation of

§ 1997e(a), his pending, nondispositive motions will be denied without further discussion.

### III. CONCLUSION.

For the stated reasons, it is **ORDERED** that the defendant's Renewed Motion for Summary Judgment, ECF No. 56, is GRANTED; and Blankenship's Motion for Summary Judgment, ECF No. 55, and various nondispositive motions, ECF Nos. 59, 61, 92, and 93, are DENIED.

A separate Judgment in favor of the defendants will enter herewith.

                ENTER: February 3, 2025

                /s/ JAMES P. JONES
                Senior United States District Judge